## EUNICE DAHOOT v. ROSE COLBY.[1]

May 28, 1920.

No. 21,836.

**Appointment of receiver discretionary.**

The matter of appointing a receiver in an action to wind up a partnership rests in the sound discretion of the trial court. On application it will be authorized to make such specific order in protecting the rights of the par-

[1] Reported in 177 N. W. 763.

ties and in controlling the expense incident to the trust, as the facts may justify. [Reporter.]

Action in the district court for Morrison county to dissolve a partnership, appoint a receiver and divide the proceeds of the partnership after payment of debts. From an order, Parsons, J., appointing a receiver, defendant appealed. Affirmed.

*P. H. Holum* and *E. A. Kling*, for appellant.

*D. M. Cameron*, for respondent.

PER CURIAM.

Appeal from an order appointing a receiver in an action to wind up the affairs of a copartnership. The matter of appointing a receiver in such proceedings rests in the sound discretion of the trial court. 3 Dunnell, Minn. Dig. § 8248. The contention of appellant is that such discretion was abused in this instance. A careful consideration of the record fails to sustain that contention, and we are unable to so declare. There is no danger of mismanagement in controversies of no greater magnitude than that here involved. On application the trial court will be authorized to make such specific order in protection of the rights of the parties, and in controlling the expense incident to the trust pending the action, as the situation and facts may justify and require.

Order affirmed.